IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANNETTE ROBERSON                                                               PLAINTIFF

V.                                                        CIVIL ACTION NO. 2:08CV241-P-A

GOLDEN LIVING CENTER                                                          DEFENDANT

**ORDER**

Defendant has moved under Rule 37 of the Federal Rules of Civil Procedure and Rules 37.1 and 26.1(3) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI to compel plaintiff to provide responses to defendant's first set of interrogatories and first set of requests for production and for sanctions. More than 30 days have passed since the motion was filed; the plaintiff has had no contact with the court and has not responded to the motion. The court concludes that the motion to compel is well taken and should be granted, but is reluctant to grant sanctions at this stage because the plaintiff is proceeding *pro se*.

The defendant filed the motion on September 24, 2009 – just over two months after it served its interrogatories and requests for production to plaintiff on July 8, 2009. Although defense counsel has made numerous attempts to contact the plaintiff, both by mail and by phone [Docket 16, p. 3], the plaintiff has not responded to any of counsel's letters, and plaintiff's phone number is no longer in service. *Id.* Additionally, the defendant represents that not only has plaintiff failed to respond to interrogatories, she also has failed to make her initial disclosures

1

as required by Rule 26(a) of the Federal Rules and by the court's March 17, 2009 Case Management Order.  *Id.*   In its letter to plaintiff concerning her lack of discovery responses, defendant informed her that it would seek sanctions, both monetary and in the form of dismissal of her claims under Rule 41 of the Federal Rules, if defendant ended up filing a motion to compel.  The defendant argues that because of plaintiff's *pro se* status, it has extended every courtesy and made extra efforts to contact plaintiff for this reason, but the plaintiff's shortcomings are such that dismissal is warranted.

A plaintiff proceeding *pro se* is required to comply with the Federal Rules of Civil Procedure as well as the local rules of this court.  *See Hassell v. U.S.*, 203 F.R.D. 241, 245 (N.D. Tex. 1999); *see Perkins v. U.S.*, 314 F. Supp. 2d 664, 670 (E.D. Tex. 2004) ("Plaintiffs' *pro se* status does not excuse them from complying with federal statutes, rules of civil procedure, or local rules of court").  Although a court generally provides substantial leeway where a *pro se* party is involved in action, all parties – whether a represented by counsel or not – are still obligated to comply with all court rules.

Rule 37 of the Federal Rules of Civil Procedure provides that a party may "move for an order compelling disclosure or discovery."  Fed. R. Civ. P 37(a)(1).  Specifically, a party may move to compel disclosures by another party as required by Rule 26(a), for an order compelling an answer, production of information or materials, and inspection of documents or materials for another party's failure "to answer an interrogatory submitted under Rule 33" or under Rule 34.  Fed. R. Civ. P. 37(a)(3).  If the court grants the motion to compel or if disclosure or discovery is provided by the offending party after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . ." unless the court finds that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. . . ." Fed. R. Civ. P. 37(a)(5). Furthermore, if a party fails to obey a court order to provide or permit discovery, the court may issue an order sanctioning the disobedient party by

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In addition to the sanctions provided by Rule 37 for a party's failure to respond or cooperate in discovery, the court may also, under Rule 41, dismiss a party's claims "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ." According to the defendant, the plaintiff's numerous discovery violations and failure to comply the Rules of Court and the Court's Case Management Order is conduct that warrants dismissal of the case. However, in this Circuit, dismissal of a *pro se* plaintiff's case pursuant to Rule 37 or Rule 41 has been granted only after the plaintiff repeatedly failed to comply with court orders or rules despite the court's warnings of sanctions. *See Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083 (5th Cir.

1985); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. (Fla.) 1979). Generally a court will provide a *pro se* litigant with notice in the form of a warning that failure to comply with a rule or order of the court could result in dismissal of their case. In this case, the court has not had the opportunity to provide this information or warnings to the plaintiff.

Dismissal of a case for action or inaction by a party is seen as the most severe sanction. The court has a duty to impose the least severe sanctions necessary to achieve its objective. *Thomas v. Capital Sec. Servs., Inc.*, 836 f.2d 866 (5th Cir. 1988). To dismiss the claims of a *pro se* plaintiff absent a "clear record of delay or contumacious conduct by the plaintiff, " is not generally favored. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). In this case, it is clear the defendant has extended the plaintiff every possible courtesy and has made every possible effort to obtain the required discovery information throughout the discovery process. No doubt that the defendant is frustrated by the plaintiff's lack of responses and failure to comply with discovery rules. Nevertheless, until now the defendant has not sought the court's assistance to enforce the courts' rules or ensure plaintiffs' compliance. In truth, the plaintiff's lack of contact with the court and lack of response to the defendant demonstrates a lack of interest by the plaintiff in this case.

The defendant's motion to compel is **GRANTED**. The court **ORDERS** the plaintiff to provide all initial disclosures under Rule 26 of the Federal Rules of Civil Procedure and respond **fully and completely** to the interrogatories and requests for production propounded to her on July 8, 2009 on or before November 30, 2009.

The plaintiff is warned, that any future failure to comply with court rules can and will result in *dismissal of her claims against the defendant **with prejudice***. As for the defendant's

request for sanctions, it is undisputed that the defendant has provided or made every attempt to provide ample notice to the plaintiff both of the required discovery and its intent to file the motion to compel. Although the court is not inclined to grant monetary sanctions at this, this is the plaintiff's one and only "free pass." If there arise future problems with plaintiff's failure to respond or otherwise communicate with the defendant or the court, the court will award monetary sanctions against the plaintiff as well as other, more stringent sanctions as allowed by the Rules of this court.

SO ORDERED, this, the 29th day of October, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE