IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANNETTE ROBERSON                                                PLAINTIFF

V.                                            CIVIL ACTION NO. 2:08CV241-P-A

GOLDEN LIVING CENTER                                   DEFENDANT

## REPORT AND RECOMMENDATION

On October 29, 2009, the court entered an Order granting the defendant's motion to compel in which the court ordered plaintiff to provide all Rule 26 initial disclosures and complete responses to interrogatories and requests for production no later than November 30, 2009, and denying defendant's request for sanctions with an admonition to plaintiff that the Order was the plaintiff's "one and only free pass" and " that any future failure to comply with court rules can and will result in *dismissal of her claims against the defendant **with prejudice***." Docket 17. Defendant has filed a motion to dismiss this case for lack of prosecution because the plaintiff has neither complied with the October 2009 Order nor had any contact with the defendant or the court. Docket 18, p.2. The plaintiff has not responded to defendant's motion to dismiss. After review of defendant's motion and the record in this case, the undersigned concludes that the motion to dismiss is well taken and should be granted.

Rule 41(b) of the Federal Rules of Civil Procedure allows the court to dismiss a party's claims for "failure to prosecute or to comply with these rules or a court order. . . ." According to defendant's motion to dismiss, plaintiff has violated numerous court rules relating to discovery

1

and pretrial procedure and failed to comply with the Court's Case Management Order as well as the October 29, 2009 Order. Defendant argues that this conduct evidences willful non-compliance and lack of interest in the case. As such, defendant contends dismissal of the case is warranted.

In the Fifth Circuit, dismissal of a *pro se* plaintiff's case under Rule 41 should be ordered sparingly. Such a motion should be granted only after the plaintiff repeatedly fails to comply with court orders or rules despite the court's warnings of sanctions. *See Kabbe v. Rotan Mosle, Inc.,* 752 F.2d 1083 (5th Cir. 1985); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979). Dismissal of a case for action or inaction by a party is seen as the most severe sanction. The court has a duty to impose the least severe sanctions necessary to achieve its objective. *Thomas v. Capital Sec. Servs., Inc.*, 836 f.2d 866 (5th Cir. 1988). Dismissing the claims of a *pro se* plaintiff absent a "clear record of delay or contumacious conduct by the plaintiff, " is not generally favored. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).

The court has warned the plaintiff in this case. The defendant has made numerous efforts to proceed toward resolution but has been unable to communicate with the plaintiff, unable to obtain discovery responses and unable to get any response from plaintiff since the case was filed. The court concludes that the plaintiff's lack of contact with the court, lack of response to the defendant, and failure to abide by the court's rules, orders and procedures establishes a clear record of willful non-compliance and failure to prosecute this case under Rule 41(b) of the Federal Rules. The undersigned recommends that this case be dismissed without prejudice under Rule 41(b).

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the

appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, .

THIS, the 8th day of March, 2010.

                                                                /s/ S. Allan Alexander
                                                         UNITED STATES MAGISTRATE JUDGE